United States District Court
Southern District of Texas
**ENTERED**
November 19, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| KIMBERLY KJESSLER, KLAIRE RUECKERT, LAURA BRALEY, TIMOTHY HAYDEN, and SUMMER LANG, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>                v.<br><br>ZAAPPAAZ, INC., AZIM MAKANOJIYA, NETBRANDS MEDIA CORP., MASHNOON AHMED, GENNEX MEDIA, LLC, BRANDECO, L.L.C., AKIL KURJI, CUSTOM WRISTBANDS INC., and CHRISTOPHER ANGELES,<br><br>                                    Defendants. | Civil Action No. 4:18-cv-430<br>(Consolidated) |

<u>**STIPULATION AND ORDER REGARDING DISCOVERY PLAN
AND DEPOSITION PROTOCOL**</u>

The Court **HEREBY ORDERS** the following regarding the scope of discovery and the depositions of party and third-party witnesses in this matter.  Discovery in the proceeding will be coordinated across all consolidated actions.  As used herein, "Party" or "Parties" means the consolidated Plaintiffs on the one hand and the consolidated Defendants on the other, as those individual parties are identified in any operative complaint in this matter.

### I.       <u>General Provisions</u>

A.       Except as expressly set forth herein, this Discovery Plan and Deposition Protocol shall not limit or prejudice any party's rights under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

B.     Any matter not addressed in this Stipulation and Order is governed by the applicable provisions of the Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules of the United States District Court for the Southern District of Texas ("Local Rules").

C.     The Parties may modify this Discovery Plan and Deposition Protocol by written agreement without Court order,[1] or absent agreement, seek to modify this Discovery Plan and Deposition Protocol by motion for good cause after making a good faith effort to meet and confer.

## II.     Initial Disclosures

A.     The Parties shall provide initial disclosures as required by Rule 26(a)(1) of the Federal Rule of Civil Procedure on November 2, 2018.

## III.     Privilege Logs

A.     The Parties agree to confer in good faith to define the appropriate scope of their respective obligations to produce a privilege log.[2]

B.     The producing Party will provide a privilege log within thirty (30) days after each production.

---

[1] The Court reserves the right to review written agreements of the Parties modifying the Discovery Plan and Deposition Protocol set forth herein and overrule such agreements if they impact the Court's overall docket management.  To that end, any such written agreement between the Parties shall be filed as a Notice of Agreement subject to review by the Court.

[2] The Parties reserve the right to request a log of particular types of documents created after this date where good cause exists.

804116.1

IV.    **Interrogatories**

    A.    Each Party may serve no more than twenty-five (25) interrogatories, including all discrete sub-parts.

V.    **Requests for Admission/Document Authentication**

    A.    In order to reduce the number of requests for admission, the Parties must meet and confer regarding authenticity of documents to avoid the use of requests for admission to authenticate documents unless necessary.

VI.    **Depositions**

    A.    Number of Depositions

        1.    Prior to the start of deposition discovery, the Parties will meet and confer regarding the number of total fact-witness depositions each Party can take, including any per-defendant or per-plaintiff limitations and including third parties.  In the event that the Parties do not agree upon a number of depositions under this paragraph, then seven (7) days after the Parties have reached an impasse and no later than twenty-one (21) days after the Parties have met and conferred, the Parties will submit a joint letter brief to the Court explaining their respective positions.

    B.    Deposition Procedures

        1.    Depositions of percipient witnesses noticed by any Party will be limited to seven (7) hours of direct examination consistent with FRCP 30(d)(l), unless the Parties otherwise agree or the Court otherwise orders.

        2.    A witness may be deposed only once in these proceedings unless the

3

Parties otherwise agree or the Court otherwise orders. This limitation will not affect the rights of a Party to seek to depose as a fact witness an individual who has been previously deposed as a corporate representative of a Party designated under Rule 30(b)(6). Nor will this procedure affect the rights of a Party to seek a corporate representative deposition under Rule 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other Parties to object to such depositions.

3.      If any individual has been employed by more than one Defendant, that individual may be deposed only once and shall not be counted twice for purposes of Sections VI(A)(1)-(2) above.

4.      Where a deponent is represented by counsel who does not already represent a Party to the above-referenced litigation (*e.g*., a third party or an employee of a Defendant with separate counsel), then the noticing party shall provide a copy of this Discovery Plan and Deposition Protocol to the deponent's counsel along with the deposition subpoena or notice.

C.      Allocation of Deposition Time

1.      As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition. Counsel for any Defendant objecting to the allocation of examination time among Defendants shall be required to seek relief from the Magistrate Judge by means of a telephonic hearing no later than seven

4

(7) business days before the date of the deposition.

2.      Absent unforeseen circumstances, the Parties will not cross-notice

the depositions of their own current employees or former employees who

have consented to the deposition. Counsel for a witness or for the Party

that is the witness's current or past employer will have time to examine the

witness at the conclusion of direct examination without need for a cross-

notice. In the event a Party cross-notices the deposition of a current or

former employee of another Party, the noticing Parties and the witness will

meet and confer on the appropriate duration of the deposition, which will

be split equally or as agreed to by the Parties or ordered by the Court.

Counsel shall coordinate all examination so as to avoid duplicative

questioning and conduct the deposition within agreed time limits.

3.      For depositions of third parties, unless otherwise agreed, the noticing

Party shall have six (6) hours to examine the witness and the opposing

Party shall have one (1) hour to examine the witness.  If a third party's

deposition is cross-noticed, the Parties will equally divide the seven (7)

hours to depose the third party unless the Parties and witness otherwise

agree or the Court otherwise orders. Parties may seek leave of court for

additional time for good cause.

D.      Scheduling and Location of Depositions

1.      Counsel will consult with one another to coordinate, to the extent

practicable, all scheduling, noticing and taking of depositions. Counsel

5

shall not unilaterally take steps to schedule and notice a Party deposition without consulting in advance with counsel for the witness or the Party that is the current employer of the witness.

2.      Unless otherwise agreed, the deposition will occur at a location chosen by the witness. If the noticed party objects to the date of the noticed deposition, counsel for the noticed party will respond to the Party issuing notice within five (5) business days and will counter-propose alternative dates on which the witness and his or her counsel will be available within fourteen (14) days of the requested date. All Parties agree to respond to such counter-proposal within five (5) business days of receipt and to meet and confer in good faith consistent with the Local Rules and their ethical obligations. Disputes that cannot be resolved through the meet and confer process shall be decided on by the Magistrate Judge with no briefing unless so ordered.

3.      Counsel intending to notice the deposition of a third party will consult with counsel for the witness, or the witness if unrepresented, in order to coordinate, to the extent practicable, all scheduling, noticing and taking of the third party's deposition. If an opposing Party informs the noticing Party within five (5) business days that the opposing Party intends to cross-notice the third party's deposition, the Parties shall coordinate with each other and with the witness (or counsel for the witness), where possible, on scheduling the deposition. Plaintiff or Defendants seeking to

6

schedule the deposition of a third party shall schedule such a deposition

only on a date the Plaintiff or Defendants, respectively, have not already

scheduled a deposition. However, the Parties shall meet and confer if

double- (or greater) -tracking of depositions becomes necessary to comply

with scheduling deadlines.

4.      Party depositions shall be noticed pursuant to the Federal Rules of

Civil Procedure, and all notices shall be served on all Parties

electronically. Any subpoenas for deposition testimony shall be served on

witnesses as required by law, but copies may be served electronically on

all Parties. Deposition notices shall have the legal effect of a deposition

notice in all related actions.

5.      Once a deposition has been scheduled, it shall not be taken off

calendar, postponed, or rescheduled, except by agreement of the counsel

responsible for scheduling or by other relief obtained from the Court.

E.      Exhibits

1.      A Party may utilize electronic exhibits in connection with a

deposition so long as the Party provides notice to the deponent and its

counsel not later than four (4) business days before the deposition,

arranges for the technology to permit presentment of the electronic exhibit

at the deposition to the witness and counsel, and, at least five minutes prior

to questioning the witness about the electronic exhibit, provides counsel

for the deponent a thumb drive containing the electronic exhibit. With

7

respect to any hard copy exhibit used in a deposition (*i.e.*, an exhibit that

has not been marked and used in a prior deposition in a related case),

"sufficient copies" shall mean five (5) hardcopies. In all events, examining

counsel, defending counsel, and all other counsel attending the deposition

shall cooperate in good faith so that counsel for each Party attending the

deposition will have adequate access during the deposition to an exhibit

used by examining counsel during the deposition, such as stating the Bates

number for each exhibit on the record so counsel may view such

documents electronically in their document review software.

F.      Participation by Teleconference

To minimize travel and related costs, counsel may participate in any deposition by telephone. Counsel noticing the deposition shall make arrangements so that a conference call line and a real-time text feed are available during every deposition. Any Party requesting a real-time text feed or equivalent electronic reporting shall be responsible for the cost of the additional services requested. Examining counsel and counsel intending to participate by phone shall cooperate in good faith to facilitate such participation. When an exhibit is introduced at a deposition, counsel shall identify the exhibit by bates number in advance of questioning for clarity of the record and to facilitate participation by teleconference.

G.      Conduct of Depositions

1.      Regardless of location, all depositions shall be conducted in

accordance with all applicable Federal Rules of Civil Procedure and the

8

Federal Rules of Evidence unless otherwise required by law, including Federal Rule of Civil Procedure 30(c)(2), except that the Parties agree that one objection by a counsel for Plaintiffs or Defendants can be relied upon by all Plaintiffs or Defendants respectively.

2.      The Parties agree that under Fed. R. Civ. P. 30(d)(l), objections are to be stated "concisely" and in a "non-argumentative and non-suggestive manner." Under this rule counsel may interpose an objection by stating "objection" and the legal grounds for the objection. Objections or other statements by counsel in the presence of the deponent made to suggest an answer to the deponent, such as (without limitation) "if you know" or "if you understand," are improper and shall not be asserted.

3.      The court-reporter service shall maintain a total running time for actual deposition to measure compliance with the time limitations and the time allocation provisions above.

H.      Departing Document Custodians and Former Employees

1.      In response to a request for deposition in Section D above, if the witness is a former employee of any Party and is not currently represented by counsel for that Party, counsel for that Party shall within seven (7) business days of the deposition notice provide the date of departure and last known address of the former employee, whether counsel can accept service of the notice, and whether counsel will be representing that Party for the deposition.

9

2.      In response to a request for deposition in Section D above, if the witness is a departing document custodian who intends to leave his or her employment, the Party shall within five (5) business days of the deposition notice request that the deponent appear for deposition at a date, place and time convenient for the Parties and the deponent, without the need for service of a third party subpoena or other formal judicial process on the deponent, and inform the noticing party of the deponent's response to such request. If a departing deponent agrees to appear without the need for service of a subpoena or other formal judicial process on the deponent, the procedures for scheduling the deposition of a current employee of a Party shall apply and the deposition will be counted as a Party deposition for purposes of Section VI (A).

I.      Claims of Privilege

1.      During a deposition, a witness may consult with his or her attorney except while a question is pending to the extent permitted under the law. If a question is pending the witness must first answer the question before consulting with counsel, except on an issue relating to privilege.

2.      Private conferences between deponents and attorneys about the substance of the deponent's testimony while the witness is under oath generally are improper, including on breaks during the deposition, except to determine whether a privilege should be asserted or to determine whether to clarify or correct testimony previously given by the deponent.

Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.

J.      Standard Stipulation

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

1.      Transcripts of depositions will be delivered from court reporters to counsel for the witness. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any errata.

2.      If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any errata submitted by the witness.

3.      Any witness who submits errata must do so in accordance with Federal Rule of Civil Procedure 30(e)(2).

4.      The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not

returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

## VII.   Other Third Party Discovery

A.   The protocol applicable to third party depositions is discussed above.  In addition, the Parties may serve subpoenas *duces tecum* on third parties.

B.   Each Party will designate a contact person to receive documents produced by third parties to the opposing Party.  Any counsel who receives documents produced by a third party in response to a subpoena *duces tecum* will produce copies of the third parties' response and objections to the subpoena, all substantive communications between the Party issuing the subpoena and the third party regarding the subpoena, as well as all documents produced by the third party, to the designated contact person within five (5) business days of receipt of such documents.  Such documents will be produced in the same format in which they were produced by the third party.  Counsel should produce these documents via electronic means whenever practicable to avoid undue delay in providing such documents to the contact person for the opposing Party.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

BURNS CHAREST LLP


By: _/s/ Warren T. Burns_____
**Warren T. Burns**
TSB# 24053119
SD Tex #611613
900 Jackson Street, Suite 500
Dallas, TX  75202
Telephone:   (469) 904-4550
Facsimile:   (469) 444-5002
Email:       wburns@burnscharest.com

**Korey A. Nelson** (*Pro Hac Vice*)
**Lydia A. Wright** (*Pro Hac Vice*)
365 Canal Street, Suite 1710
New Orleans, LA  70130
Telephone:   (504) 799-2845
Email:         lwright@burnscharest.com

**Christopher J. Cormier** (*Pro Hac Vice*)
5290 Denver Tech Center Parkway, Suite 150
Greenwood Village, CO  80111
Telephone:   (720) 630-2092
Email:         ccormier@burnscharest.com

*Interim Lead Counsel for Plaintiffs and the
Proposed Class*

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
**Fred Taylor Isquith** (*Pro Hac Vice*)
**Thomas H. Burt** (*Pro Hac Vice*)
270 Madison Avenue
New York, NY  10016
Telephone:   (212) 545-4600
Facsimile:   (212) 686-0114
Email:         isquith@whafh.com
                    burt@whafh.com

**Betsy C. Manifold** (*Pro Hac Vice*)
750 B Street, Suite 2770
San Diego, CA  92101
Telephone:   (619) 239-4599
Facsimile:   (619) 234-4599
Email:         manifold@whafh.com

**Carl V. Malmstrom** (*Pro Hac Vice*)
70 West Madison Street, Suite 1400
Chicago, IL  60602
Telephone:   (312) 391-5059
Email:         malmstrom@whafh.com

STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.
**Keith S. Dubanevich**

804116.1

TSB# 06144150
SD Tex# 1451
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:   (503) 227-1600
Facsimile:   (503) 227-6840
Email:       kdubanevich@stollberne.com


LEVIN SEDRAN & BERMAN LLP
**Austin Cohen** (*Pro Hac Vice*)
**Keith J. Verrier** (*Pro Hac Vice*)
510 Walnut Street, Suite 500
Philadelphia, PA  19106
Telephone:   (215) 592-1500
Email:       acohen@lfsblaw.com
             kverrier@lfsblaw.com


GUSTAFSON GLUEK PLLC
**Daniel E. Gustafson** (*Pro Hac Vice*)
**Daniel C. Hedlund** (*Pro Hac Vice*)
**Michelle J. Looby** (*Pro Hac Vice*)
**Kaitlyn L. Dennis** (*to be admitted Pro Hac Vice*)
120 South 6th Street, Suite 2600
Minneapolis, MN  55402
Telephone:   (612) 333-8844
Email:    dgustafson@gustafsongluek.com
          dhedlund@gustafsongluek.com
          mlooby@gustafsongluek.com
          kdennis@gustafsongluek.com


RADICE LAW FIRM, P.C.
**John Daniel Radice**
34 Sunset Blvd.
Long Beach, NJ  08008
Telephone:   (646) 245-8502
Email:       jradice@radicelawfirm.com


HEIM PAYNE CHORUSH LLP
**Christopher Michael First**
**Miranda Yan Jones**
1111 Bagby Street, Suite 2100
Houston, TX  77002
Telephone:   (713) 221-2000
Facsimile:   (713) 221-2021
Email:       cfirst@hpcllp.com

14

mjones@hpcllp.com

GRABAR LAW OFFICE
**Joshua H. Grabar**
1735 Market Street, Suite 3750
Philadelphia, PA  19103
Telephone:   (267) 507-6085
Email:        jgrabar@grabarlaw.com

EDELSON & ASSOCIATES LLC
**Marc Edelson**
3 Terry Drive, Suite 205
Newtown, PA  18940
Telephone:   (215) 867-2399
Email:        medelson@edelson-law.com

*Additional Counsel for Plaintiffs and the*
*Proposed Class*

| | |
|---|---|
| LERCH EARLY BREWER | SMYSER KAPLAN & VESELKA, L.L.P. |
| By: ___/s/ Stuart A. Berman_____ | By: _/s/ David K. Isaak_____ |
| Stuart A. Berman | David K. Isaak |
| 7600 Wisconsin Avenue, Suite 700 | Sydney Alexandra Scott |
| Bethesda, MD  20814 | Razvan Ungureanu |
| saberman@lerchearly.com | 700 Louisiana Street, Suite 2300 |
| | Houston, TX  77002 |
| ***Attorneys for Zaappaaz Inc., Azim*** | disaak@skv.com |
| ***Makanojiya*** | sscott@skv.com |
| | razvan@skv.com |
| | *Attorneys for Netbrands Media Corp., Mashnoon* |
| | *Ahmed* |
| SHEINESS, GLOVER & GROSSMAN, LLP | VAN KAMPEN & CROWE PLLC |
| By: ___/s/ Todd Newman_____ | By: ___/s/ David E. Crowe _____ |
| Todd Frederick Newman | David E. Crowe |
| 4544 Post Oak Place Drive, Suite 270 | Al Van Kampen |
| Houston, TX  77027 | 1001 4th Avenue, Suite 4050 |
| 713-374-7038 | Seattle, WA  98154 |
| tnewman@hou-law.com | 206-386-7353 |
| | dcrowe@vkclaw.com |
| ***Attorneys for Gennex Media LLC, Brandeco,*** | avankampen@vkclaw.com |
| ***L.L.C., Akil Kurj*** | |
| | ***Attorneys for Custom Wristbands Inc.,*** |
| | ***Christopher Angeles*** |

15

804116.1

**IT IS SO ORDERED.**

DATED this  19th  day of   November   , 2018.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE