United States District Court
Southern District of Texas
**ENTERED**
November 19, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY KJESSLER, KLAIRE RUECKERT, LAURA BRALEY, TIMOTHY HAYDEN, and SUMMER LANG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZAAPPAAZ, INC., AZIM MAKANOJIYA, NETBRANDS MEDIA CORP., MASHNOON AHMED, GENNEX MEDIA, LLC, BRANDECO, L.L.C., AKIL KURJI, CUSTOM WRISTBANDS INC., and CHRISTOPHER ANGELES,<br><br>Defendants. | Civil Action No. 4:18-cv-430<br>(Consolidated) |

**ORDER UNDER FED. R. EVID. 502(d) AND (e)
GOVERNING CLAWBACK TERMS AND PROCEDURES**

Based on the parties' Stipulated Request for an Order under Rules 502(d) and (e) of the Federal Rules of Evidence, it is hereby **ORDERED** that:

**I.     With Respect to the First One Hundred (100) Unique Documents a Producing Party seeks to Clawback on a Claim of Privilege or Protection**

        A.     The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

Page 1 – FRE 502 (d) and (e) ORDER
SSBLS Main Documents/8935/001/00736040-1

B.  The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other state or federal proceeding.

C.  The Receiving Party will not contend or argue that the production was not inadvertent by the Producing Party; that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged or protected Document; that the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or, that such disclosure acts as a waiver of applicable privileges or protections associated with the Document.

D.  The Producing Party will maintain a log of the Bates numbers, range, and/or hash value of all Documents subject to a clawback request, including copies of the Documents returned under a clawback request, and must provide it to the Receiving Party upon request.

E.  Notwithstanding the foregoing, the Receiving Party maintains all rights to challenge the privilege designation of the underlying documents for not having been privileged in the first instance.

Page 2 – FRE 502 (d) and (e) ORDER
SSBLS Main Documents/8935/001/00736040-1


B.  The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege or other protection (including, without limitation, the attorney-client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other state or federal proceeding.

C.  The Receiving Party will not contend or argue that the production was not inadvertent by the Producing Party; that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged or protected Document; that the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or, that such disclosure acts as a waiver of applicable privileges or protections associated with the Document.

D.  The Producing Party will maintain a log of the Bates numbers, range, and/or hash value of all Documents subject to a clawback request, including copies of the Documents returned under a clawback request, and must provide it to the Receiving Party upon request.

E.  Notwithstanding the foregoing, the Receiving Party maintains all rights to challenge the privilege designation of the underlying documents for not having been privileged in the first instance.

**II.     With Respect to Documents Beyond the First One Hundred (100) Unique Documents a Producing Party seeks to Claw Back on a Claim of Privilege or Protection**

The provisions of Fed. R. Evid. 502(b) will apply.

**III.    With Respect to Documents Not Reviewed for Privilege for Burden Minimization or Efficiency**

    A.     The Producing Party will notify the Receiving Party of this type of production prior to making such production five (5) business days prior to production.

    B.     The provisions of the one hundred (100) unique Document Threshold for purposes of privilege clawback outlined in Section I will not apply to such productions. Instead, the Parties will negotiate separate parameters for such productions and related protections.

**IV.    With Respect to All Documents**

    A.     If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or protection, or a Producing Party has advised that it is claiming such a privilege or protection over a produced Document ("Protected Document(s)"), the Parties shall, as applicable:

        1.     As soon as reasonably practical after learning of the production of privileged material, the Producing Party or the Receiving Party, as applicable, shall notify the other Party in writing that it has discovered Document(s) believed to be privileged or protected, or is claiming privilege or protection over a Document(s);

    2. Specifically identify the Protected Document(s) by Bates number, range, and/or hash value; and,

    3. Within ten (10) days of the written notice, the Receiving Party shall return, sequester, or destroy all copies of such Protected Document(s), except that the Receiving Party may retain a copy of Protected Document(s) for the purpose of evaluating the claimed assertion of privilege or protection and opposing any claw back motion. If requested by the Producing Party, the Receiving Party shall also return, sequester, or destroy any notes, compilations, or derivative work product of the content of the Protected Document(s), and the Producing Party will pay reasonable attorneys' fees and costs associated with doing so.

  B. To the extent that a Protected Document(s) has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document(s) segregated or extracted from the database. Where such Protected Document(s) cannot be segregated or extracted, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

  C. In the event that any portion of a Protected Document(s) does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or protection.

  D. Within ten (10) days of the written notice, a Producing Party shall provide the Receiving Party with a privilege log for such Protected Document(s) that is consistent

with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or protection.

      E.      If the Receiving Party disclosed the Protected Document(s) before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

      F.      Should the Receiving Party wish to dispute the claim of privilege or protection over any of the Protected Document(s), it will make that statement in writing within ten (10) days of receipt of the privilege log described in paragraph 4. Within fourteen (14) days of notice of the dispute, the Producing Party must move for a Court order compelling the return or destruction of the Protected Document(s) (the "Clawback Motion").

      G.      The Receiving Party's response to the Clawback Motion shall be made in accordance with the limitations in Section I above, if applicable. The Receiving Party may not use the Protected Document(s) for any purpose absent a Court Order on the Clawback Motion.

      H.      Any Party may submit Protected Document(s) to the Court under seal for an *in camera* determination of the claim of privilege or protection.

      I.      Upon a determination by the Court that the Protected Document(s) are protected by the applicable privilege or protection, and if the Protected Document(s) have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Document(s) by search terms or other means. If requested by the Producing Party, the Receiving Party shall also return or destroy any notes, compilations, or derivative work product of the

content of the Protected Document(s), and the Producing Party will pay reasonable attorneys' fees and costs associated with doing so.

J. Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to another Party.

K. This Stipulated Request and Order shall not result in extension of any scheduling deadlines or require any Party to purge previously submitted documents and request substitute production or documents already produced as of the date of this Order, so long as any privileges or protections were duly waived by the Producing Party as to the same.

L. The Parties shall treat the Proposed Order as an Order of the Court prior to it being entered by the Court.

M. By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Fed. R. Evid. 502(d) and (e) as described herein.

**IT IS SO ORDERED.**

DATED this  19th  day of  November  . 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE