United States District Court
Southern District of Texas
**ENTERED**
October 14, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| KIMBERLY KJESSLER, KLAIRE RUECKERT, LAURA BRALEY, TIMOTHY HAYDEN and SUMMER LANG, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZAAPPAAZ, INC., AZIM MAKANOJIYA, NETBRANDS MEDIA CORP., MASHNOON AHMED, GENNEX MEDIA, LLC, BRANDECO, L.L.C., AKIL KURJI, CUSTOM WRISTBANDS INC., and CHRISTOPHER ANGELES,<br><br>*Defendants*. | Civil Action No. 4:18-cv-0430 (Consolidated) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This is a class action lawsuit brought by Plaintiffs Kimberly Kjessler, Klaire Rueckert, Laura Braley, Timothy Hayden and Summer Lang (collectively, "Plaintiffs"), individually and on behalf of the proposed class of direct purchasers, against four groups of corporate and individual Defendants: (1) Zaappaaz, Inc. and its president Azim Makanojiya (together, "Zaappaaz"); (2) Netbrands Media Corp. and its president Mashnoon Ahmed (together, "Netbrands"); (3) Gennex Media, LLC (aka Brandeco L.L.C.) and its CEO Akil Kurji (together, "Gennex"); and (4) Custom Wristbands and its CEO Christopher Angeles (together, "Custom Wristbands") (collectively, "Defendants"). As described in Plaintiffs' Consolidated Amended Class Action Complaint, Dkt. 134, Plaintiffs allege that Defendants conspired to fix, raise, maintain or stabilize the price of customized silicon wristbands and pin buttons in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*

1

Plaintiffs and Defendants have reached an agreement to settle this litigation through the creation of a Settlement Fund in the amount of $3,555,000.00. Plaintiffs and each of the four Defendant groups executed settlement agreements (collectively, the "Settlement Agreement") memorializing the terms of a proposed class settlement. The Settlement Agreement sets forth the terms and conditions for the proposed settlement of the claims described therein. Plaintiffs now present the Settlement to the Court for final approval under Federal Rule of Civil Procedure 23.

Having considered the pleadings, Plaintiffs' Motion for Final Approval of Class Action Settlement, the memorandum in support, and the exhibits thereto, the Court hereby **ORDERS** as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreements unless otherwise defined herein.

2. Having considered the parties' submissions and other authorities regarding the issue of subject matter jurisdiction in this case, the Court finds that it has subject matter jurisdiction over this action.

3. The Court finds the Settlement Class should be certified for the purposes of this settlement, as the Settlement Class meets all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class. The Settlement Class is certified for settlement purposes only. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of whether the Settlement Class certified by agreement for settlement purposes could have ever been certified in this case for litigation purposes.

The certified Settlement Class is defined as follows:

All persons or entities in the United States, including its territories and the District of Columbia, who purchased customized silicone wristbands or customized pin buttons within the United States, including its territories and the District of Columbia, directly from one or more Defendants, or any of their predecessors, subsidiaries, or affiliates thereof, and all federal or state government entities or agencies, between June 1, 2014 and the Execution Date.

The Class Periods for each Defendant Group are as follows:

| Defendant | Class Period |
| --- | --- |
| Netbrands | June 1, 2014 to February 19, 2020 |
| Gennex | June 1, 2014 to January 23, 2020 |
| Custom Wristbands | June 1, 2014 to February 6, 2020 |
| Zaappaaz | June 1, 2014 to June 23, 2020 |

4. The Court finds the above-defined Class satisfies all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement:

    a. <u>Numerosity</u>. Plaintiffs have demonstrated "[t]he class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(l). Here, the Settlement Class consists of thousands of direct purchasers of certain CPPs. Therefore, the Court finds the numerosity prerequisite is met.

    b. <u>Commonality</u>. Plaintiffs have also demonstrated, considering the fact the litigation will be settled instead of proceeding to trial, "[t]here are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2).

    c. <u>Typicality</u>. Plaintiffs have also shown, considering the fact the litigation will be settled instead of proceeding to trial, "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3).

    d. <u>Adequacy</u>. Plaintiffs and Plaintiffs' Counsel have, in the present settlement context, demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). In addition, because the Court finds Plaintiffs

3

and Plaintiffs' Counsel to be adequate representatives of the Settlement Class, the Court hereby appoints Plaintiffs as Class Representatives and Plaintiffs' Counsel as Class Counsel.

5. The Court also finds the requirements of Federal Rule of Civil Procedure 23(b)(3) are met:

    a. <u>Predominance</u>. Taking into account the fact the litigation is being resolved by settlement rather than trial, Class Representatives have shown "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).

    b. <u>Superiority</u>. Class Representatives have also established in the present settlement context "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3).

6. In sum, the Court finds all prerequisites and requirements of Federal Rule of Civil Procedure 23(a)-(b) are satisfied for purposes of certifying a class for settlement purposes, and the Class is hereby certified for the purposes of this settlement only.

7. The Court finds (i) the proposed settlement resulted from extensive arm's-length negotiations; (ii) the proposed settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weakness of Class Representatives and the Settlement Class' claims; (iii) Class Representatives and Class Counsel have concluded the proposed settlement is fair, reasonable, and adequate; and (iv) the proposed settlement is sufficiently fair, reasonable, and adequate.

8. Having considered the essential terms of the settlement under the recognized standards for final approval as set forth in the relevant jurisprudence, the Court approves the settlement, subject to the right of any member of the putative Settlement Class to challenge the fairness, reasonableness, and adequacy of the settlement, as memorialized through the Settlement

Agreement, and to show cause, if any exists, why a Final Judgment dismissing the Litigation based on the Settlement Agreement should not be ordered after adequate notice to the putative Settlement Class has been given in conformity with this Order. As such, the Court finds those Settlement Class Members whose claims would be settled, compromised, dismissed, and/or released pursuant to the settlement should be given notice and an opportunity to be heard regarding final approval of the settlement and other matters.

9. The Court further approves the form and content of the proposed Notice and the proposed Summary Notice. The Court finds that the Notices are the best notices practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23. The Court finds the form and content of the Notice and Summary Notice fairly and adequately: (i) describe the terms and effect of the settlement, including the method for Settlement Class Members to submit claims and the manner for distributing Settlement Funds to the Settlement Class Members who timely submit proper claims; (ii) notify the putative Settlement Class that Class Counsel will seek attorney's fees, reimbursement of litigation expenses, and a case contribution award for Class Representative's services; (iii) notify the putative Settlement Class of the time and place of the Final Approval Hearing; (iv) describe the procedure for requesting exclusion from the settlement; and (v) describe the procedure for objecting to the settlement or any part thereof.

10. Pursuant to Federal Rule of Civil Procedure 23(e), a Final Approval Hearing shall be held on _____, **2020** at 10:00 a.m. or at such other date and time as the Court may set, in Courtroom 9015 of the United States District Court for the Southern District of Texas, located at 515 Rusk Street, Houston, Texas, the Honorable Nancy Atlas presiding, to:

    a. determine whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

  b. determine whether the notice method utilized by the Plaintiffs/Claims Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise putative Settlement Class Members of the pendency of the litigation, the proposed settlement, their right to exclude themselves from the settlement, their right to object to the settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and other applicable law;

  c. determine whether a Final Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the litigation against the Defendants with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

  d. determine the proper method for administration of claims submitted by the Settlement Class Members and ultimate distribution of the Settlement Fund, including a ruling as to the proposed method for Settlement Class Members to submit claims and the manner for distributing Settlement Funds to the Settlement Class Members who timely submit proper claims;

  e. determine whether the applications for attorneys' fees, reimbursement for Litigation Expenses, and a Case Contribution Award to Class Representative are fair and reasonable and should be approved; and

  f. rule on such other matters as the Court may deem appropriate.

11. The Court reserves the right to adjourn, continue, and reconvene the Final Approval Hearing, or any aspect thereof, including the consideration for the application of attorneys' fees and reimbursement of litigation expenses, without further notice to the putative Settlement Class.

12. The Court reserves the right to continue the Final Approval Hearing to a later date than the date provided for in the formal notices to the putative Settlement Class, and to approve the settlement at or after the Final Approval Hearing without further notice to the putative Settlement Class.

13. Class Members wishing to exclude themselves from the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e)(4) must deliver or send to the Clerk of the Court for filing a valid and timely Request for Exclusion within the time frame set forth below. All Requests for Exclusion must include: (a) the Settlement Class Member's name, address, telephone number, and signature; (b) a statement that the Settlement Class Member wishes to be excluded from the Settlement Class in this Litigation; and (c) identification of the leased property in which the Settlement Class Member claims to own an interest.

Requests for Exclusion must be delivered or sent by mail or special delivery service, no later than twenty-one (21) days before the Final Approval Hearing, to:

> Clerk of the Court
> United States District Court for the Southern District of Texas
> 515 Rusk Street, Houston, Texas 77002

Any putative Settlement Class Member that has not timely and properly requested exclusion from the Settlement Class shall be included in the settlement and shall be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court.

14. Copies of all Requests for Exclusion shall be provided by Class Counsel to the Claims Administrator.

15. Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the proposed settlement, any term of the Settlement Agreement, the proposed request for attorneys' fees and Litigation Expenses, or the proposed request for a Case Contribution Award to Class Representative may file an objection. To object, the Settlement Class Member must either

7

deliver or send for filing to the above Clerk of the Court, by mail or special delivery service, a written statement advising as to the matters the Settlement Class Member objects to (and containing the items listed below). The written statement of objection should be sent to the above address of the Clerk of the Court no later than twenty-one (21) days before the Final Approval Hearing; provided, however, that if the Settlement Class Member sends the letter required above by mail or special delivery service, it is sufficient for the letter to be post-marked on or before that date. The Settlement Class Member must include in the written statement of objection the following:

    a.    A heading referring to *Kjessler, et al. v. Zaappaaz, Inc., et al.*, No. 4:18-cv-0430 in the United States District Court for the Southern District of Texas;

    b.    A statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address and telephone number;

    c.    A statement of the specific legal and factual basis for the objection;

    d.    The objector's current address;

    e.    The objector's current telephone number; and

    f.    The objector's signature.

Any Class Member who does not timely file and serve a valid written objection shall be foreclosed from raising any such objection to the settlement, and any untimely or invalid objection shall be barred absent an Order from the Court providing to the contrary. Class Counsel and/or the Defendants' Counsel may file any reply or response to any objections no later than 7 days before the Final Approval Hearing. The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

    16.    Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Approval Hearing, either in person or through

qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Approval Hearing must comply with the Local Rules of this Court and must include, along with their written objection described in the above paragraph, a Notice of Intention to Appear at Final Approval Hearing, no later than **fourteen (14) days before** the Final Approval Hearing, which, in accordance with the Settlement Agreement and Notice, shall affirmatively state such intention to appear and present and shall include the Class Member's name, address, telephone number, and signature.

17. Class Counsel and the Defendants' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

18. If the settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or otherwise does not become Final and Non-Appealable for any reason whatsoever, the proposed settlement, Settlement Agreement and any actions taken or to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect, except for any obligation or provision expressly designated in the Settlement Agreement to survive termination of the settlement, shall survive termination of the Settlement Agreement and settlement.

19. All proceedings in the litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the proposed settlement, Class Representative and all putative Settlement Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against releases.

20. The Settlement Agreement, whether or not consummated, the negotiations thereof, and any related communications made, proceedings taken, or orders entered pursuant thereto, are not

admissible as evidence for any purpose against Class Representatives, the Settlement Class or the Defendants in any pending or future litigation. Neither this Order nor the Settlement Agreement (and any documents and actions made pursuant thereto) shall be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or liability, and the Defendants specifically deny any such fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representatives or the Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have in the event the settlement is terminated. Moreover, the settlement and any proceedings taken pursuant to the settlement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received into evidence as, or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

21. The Court hereby retains jurisdiction over this litigation to consider all further matters arising out of or connected with the settlement reflected in the Settlement Agreement, including enforcement of the releases provided for in the Settlement Agreement. The Court also hereby retains jurisdiction over this Litigation to administer all other matters related to the enforcement or enforceability of the Settlement Agreement and settlement and the orders of the Court related thereto.

22. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to anyone other than counsel of record in the litigation.

**IT IS SO ORDERED**.

Dated this ___ day of _____, 2020

_____
HON. NANCY F. ATLAS
SENIOR U.S. DISTRICT JUDGE